Edith Miller, J.
Dennis M. was born on January 11, 1958. On April 18, 1972 he was adjudicated a neglected child and was placed by the Family Court with the Commissioner of Social Services for an initial period of 18 months. Said placement has thereafter been extended in accordance with law and Dennis has now been continuously in the care and custody of the commissioner from 1971 (prior to his adjudication) up to the present time.
Pursuant to section 398 of the Social Services Law and chapter 24 of the Administrative Code of the City of New York, the commissioner has been mandated to place neglected children entrusted to his care in appropriate facilities. While awaiting such placement, the children remain in temporary shelters provided by law "for a brief and transient period” (Administrative Code of City of New York, § B24-1.0, subd g, par [3]). Dennis has been diagnosed as "retarded, schizophrenic with autistic features” and therefore requires a facility that can meet his special needs. There is no dispute that Dennis has been residing in Jennings Hall and before that in Children’s Center, both temporary shelters, for approximately 4 Vi years.
On February 28, 1975 this proceeding was commenced by the Law Guardian on behalf of the petitioner Dennis seeking an order pursuant to section 255 of the Family Court Act requiring the Department of Social Services to provide appropriate long-term care for this youngster. A hearing was held on May 15, 1975 and continued on May 23, 1975 to inquire into the necessity of such an order.
*804 An article 78 proceeding had been previously dismissed in the Supreme Court, Kings County, by decision of the Honorable Charles Beckinella, Justice, dated January 21, 1975. The court, therein, found that the Family Court had exclusive original jurisdiction in matters concerning the abuse or neglect of a child. Therefore, the court held, that the remedy sought by petitioner under CPLR article 78 could be accomplished pursuant to the Family Court Act.
It is the contention of the respondent commissioner that no such order is necessary pursuant to section 255 of the Family Court Act because reasonable efforts have been made and are continuing to be made by the commissioner to secure long-term placement for this child.. However, Dennis is one of an increasing number of children with deep-rooted emotional problems whose retardation, highly agressive or autistic behavior, inability to relate to people, et cetera, are special circumstances making it extremely difficult to find appropriate facilities for them. In respect to Dennis, between November, 1971 and March, 1975 the commissioner made 20 referrals to programs and agencies seeking help for this child. The case file of the Bureau of Child Welfare which was offered into evidence confirmed the dates of said referrals and the dates of the rejections.
It is the contention of the Law Guardian on behalf of the petitioner that the commissioner has not made reasonable efforts to place this child inasmuch as 20 referrals over a 4V£-year period is numerically just one facility for every 2.7 months. In respect to the particular problems of Dennis, the testimony adduced at the hearing, from four experienced professionals in the fields of child care and child guidance, depicts a child who lacks social and vocational skills, is functionally retarded, is unable to cope with intimacy and is lacking in "life skills”, the basic ability to take care of oneself. Therefore, the Law Guardian posits that many of the agencies were inappropriate for Dennis’ special needs and that referrals to those agencies should not have been made at the outset.
The court finds that based upon the testimony, the exhibits and all the proceedings heretofore, that the petitioner is entitled to an order pursuant to section 255 of the Family Court Act requiring the commissioner to carry out his mandated responsibility to place Dennis in an appropriate treatment facility. The court finds that AVz years is not a "brief *805 and transient period” for a court-placed child to reside in a temporary shelter when his diagnosed need is for a residential therapeutic setting where he can receive training in "life skills”, educational and vocational training, therapy and medication when needed. Since it has already been determined that a neglect proceeding pursuant to article 10 of the Family Court Act cannot be brought against the commissioner (Matter of D., 70 Misc 2d 953) an application pursuant to section 255 of the Family Court Act is an appropriate remedy to protect the welfare of this child (Usen v Sipprell, 41 AD2d 251).
The court notes that to meet the needs of children entrusted to his care, the commissioner has entered into contractual agreement with private agencies to provide services for children. The court must therefore presume that the commissioner knows what services have been contracted for and what services can reasonably be provided by each agency. Therefore, to send a referral to an agency that is not structured to care for an adolescent diagnosed as a "retarded, schizophrenic with autistic features” is not only an exercise in futility but has served to delay meaningful, realistic planning. The court further notes that although the State Department of Mental Hygiene is authorized by the Mental Hygiene Law (§§ 1.05, 7.05 and 9.03) to provide for the needs of mentally ill children, as of this date the Department of Mental Hygiene has not created one structured, therapeutic, residential setting to which children can be referred. Such nonfeasance has impeded the efforts of the commissioner to find placement for seriously emotionally disturbed children who do not need hospitalization.
The testimony at the hearing showed that the commissioner now contemplates placing Dennis at the Devereux School in Pennsylvania where he has been accepted but is on the waiting list or at the new St. Agnes Group Home where the commissioner is finalizing plans for a program for hard-to-place youngsters in co-operation with Queens Children’s Hospital and Creedmore State Hospital. However, Dennis is now 17 years old and time is of the essence. This youngster, placed with the commissioner at the age of 13, has already lost so much valuable developmental time that it would appear that a long-established school would be the most appropriate selection. Therefore, placement should be at the Devereux School unless Dennis cannot be accepted there within a reasonable *806 period of time. The matter is adjourned to Intake B on August 29,1975 for a progress report.
The evidence elicited in this case shows that Dennis is not the only child for whom the commissioner has been unable to provide long-term care within a reasonable period of time. The exact numbers are not known because in the bureaucratic constellation there do not appear to be clear-cut lines of responsibility and accountability in respect to affirmative planning for the welfare of hard-to-place children. Therefore, the Law Guardian representing the subject child of the petition herein has applied to this court for a further order pursuant to section 255 of the Family Court Act: "(1) requiring the Commissioner reorganize the unit of his agency having responsibility for overseeing placement for children with special needs, including those for whom placement is hard to find so all children over whom he has jurisdiction are in fact helped by that unit, and (2) developing a more efficient and thus expeditious system of referrals for children like Petitioner so that placement is not dragged out over long periods.”
The court finds no authority for such a broad grant of relief, as necessary as such relief appears to be. A permanent solution must await action by the Legislature to appropriate funds and earmark them for the development of residential treatment centers within the State of New York, so that the commissioner can appropriately place seriously disturbed children within the State.